## SUSAN McGEE v. ESTATE OF JANE McDONALD.

*Estates of deceased persons—Statute of limitations—Commissioners on claims—Report—Appeal—Framing of issue.*

1. It is discretionary with the circuit court to order an issue framed on an appeal from the allowance of a claim in probate court.
2. A claim barred by the statute of limitations is of no validity against the estate of a deceased person.
3. Commissioners on claims have no power to add to their report a claim not filed with nor proved before them during the life of their commission.
4. The executor and others interested have a right to appear, and contest an application for the allowance or revival of a commission, or the appointment of new commissioners to allow claims not presented to the first commissioners.
5. The object of appointing certain times for the meetings of commissioners, and requiring notice to be given thereof, is to enable parties interested to appear and contest such claims, which should be presented on or before the day fixed for the final meeting of the commissioners, or the day to which such final hearing is adjourned.

Error to Wayne. (Jennison, J.)   Argued June 15, 1887.
Decided July 7, 1887

Claims against estate of deceased person.   Judgment of cir-

cuit court, affirming allowance of claim by commissioners, reversed. The facts are stated in the opinion.

*Corliss, Andrews & Leete,* for claimant.

*Atkinson & Atkinson,* for the estate.

CHAMPLIN. J.   Susan McGee presented to the commissioners appointed by the probate court of Wayne county to hear claims against the estate of Jane McDonald, deceased, a claim for boarding deceased in her life-time, which was allowed, and the executor appealed to the circuit court, where the action of the commissioners was affirmed, and the executor brings error.

There does not appear from the record before us that there was any written claim or bill of items filed before the commissioners by Mrs. McGee.

The report of the commissioners on file in the probate court shows the following: "Susan McGee, board and rent, claim $105," and the amount allowed $105.

When the case was called for trial in the circuit court, the executor requested the court to order an issue framed, so that it might appear at what date it was claimed the claimant furnished board to the testate, in order that he might interpose the plea of the statute of limitations if it should appear that it was more than six years before the death of his testator, and also that he might interpose a plea showing the disability of the decedent to enter into a contract, for the reason that she was under guardianship after a certain time.   The court refused to order an issue.

It is discretionary with the court whether it will order an issue framed; and while in this case, as the facts developed upon the trial, we can see that it would have been quite proper that one should have been made, we do not see that there was any necessity therefor made apparent in the application made by the executor.   The defense of the statute of

limitations was available to him upon the trial, as no claim that is barred by the statute is of any legal validity against the estates of deceased persons, and the facts relative to guardianship could be and were proved upon the trial.

Another defense offered was that the allowance of the claim of $105 was made after the report was returned and filed, and after the time in which the commissioners were allowed to hear claims had expired. Evidence tending to prove this defense was excluded at the trial. In this we think the court erred. If the claim was not presented to and passed upon by the commissioners before they made and filed their report, it was too late to do so afterwards. There would be no jurisdiction.

The statute provides the method to be pursued by claimants who have failed to file their claims before the commissioners in due season. The executor and others interested have a right to appear, and contest the application for allowance or for a revival of the commission, or the appointment of new commissioners to allow claims that are not presented in time to the commissioners first appointed. If the claim was presented and allowed after their commission had expired, and the claim was inserted, as allowed, after their report was filed, it was without authority, and in fact and effect the trial in the circuit was the first time that claim was passed upon as a claim against the estate; thus making the circuit court a court of original jurisdiction, so far as regards the claim in question. The probate court had no authority to permit such addition to the report.

The object of appointing certain times for the meeting of the commissioners, and requiring notice thereof to be published, is to afford an opportunity for those interested in the estate to appear, and oppose the allowance of claims presented against the estate; and it is proper that all claims should be presented on or before the day fixed for the final meeting of the commissioners, or on or before such day as

the meeting at that time shall be regularly adjourned, in order that the object of the statute may be accomplished, and the estate protected from the presentation and allowance of fictitious or unjust claims.

It appears that Mrs. McDonald was a person who was addicted to the use of intoxicating liquors to excess; that application had been made in her behalf for a pension from the United States government, which she received; that, on account of her habits, on the ninth of June, 1880, Dr. Edmund A. Chapaton was appointed guardian over her person and estate by the probate court of Wayne county; that while he was guardian he provided suitable board and clothing for his ward; that he resigned after acting about a year, and William F. Atkinson was appointed to succeed him as such guardian, who continued such until the death of Mrs. McDonald, which occurred in January, 1884; that during the time of Mr. Atkinson's guardianship, he provided board and clothing for his ward.

The claim of Mrs. McGee, as presented in the trial court, was for board of Mrs. McDonald provided her from time to time from April, 1879, to within nine months of the time of her death. To prove her claim she introduced her daughter, Mary McGee, who testified that Mrs. McDonald first came to her mother's house in April, 1879, that she came to board there, and stayed off and on from 1879 until nine months of the time she died; that she was not there steady, but off and on. She was then asked by counsel:

"During the four years that she was there, can you say how much of that four years she spent at your mother's?"

Defendant's counsel objected, on the ground that it called for her best judgment, and was not sufficiently definite. She answered:

"The first year she stayed three months. That was the longest she ever stayed at a time. Then after that she stayed a month, two months, and so on."

The witness was permitted, against the objection of the counsel for the executor, to testify:

"I think it was between eighteen months and two years, all together."

She also testified that there was an agreement that Mrs. McDonald should pay her mother for her board " when she got her pension;" that there was no specified price, "but she said she would pay her well, and give her a silk dress that would cost $100 besides."

She further testified that she never knew of her paying her mother anything; that she used to come to her mother's regularly after she got her pension; that her mother knew Dr. Chapaton had been her guardian, and knew these facts for the past four years; that she did not know of any one calling upon the guardians for the payment of the board, and did not know of any claim being made to anybody until after Mrs. McDonald died. The testimony of this witness was the only evidence which had any tendency to prove that Mrs. McDonald boarded with Mrs. McGee, or the contract in relation to board, or the time she boarded.

Miss Katie Coyle was sworn for claimant; but she does not testify to her boarding there, but says she met her there off and on for over a year or so at intervals when she would be there. It appears that Mrs. McGee was in the lace business, and Miss Coyle had occasion to go there on business for ladies. She testified to a talk she heard about Mrs. McGee assisting Mrs. McDonald to get a pension. She says she was asked to use her influence, and Mrs. McGee was asked to use hers.

"Then there was something said about paying for that influence,—paying for the labor, I suppose, or service,—I don't know,—for getting the pension. Afterwards I heard something about the silk dress. The first time I ever heard about this $105 bill was since Mrs. McDonald died."

She testified that she had heard Mrs. McGee say she ought

to be paid for the service for getting the pension, and that was what she claimed particularly.

The court in its instructions to the jury ruled out all claim for board after Mrs. McDonald was put under guardianship, and confined the claimant to a time extending from April, 1879, to June, 1880. He instructed them as follows:

" The plaintiff has offered you evidence, through two or three witnesses who are here, that Mrs. McDonald was occupying a room, and was boarding, and was at her house there from time to time,—one witness says three months at one time, and two months at another, etc. You heard the testimony. The plaintiff claims that that testimony shows that Mrs. McDonald did board at their house during those two dates for about seven months. It will be for you, gentlemen, to gather from the testimony whether that is correct or not. There seems to be no dispute about the fact that she was there some time. The question is, how long a time, how many months? If you find that she was seven months or less, as the case may be, the question would arise as to what it was worth. The plaintiff has offered some evidence tending to show that the board and lodging was worth about four dollars a week,—somewheres along there. At all events, there is testimony for you to consider. If she were there seven months, four times seven would be twenty-eight, and four times twenty-eight would be the amount which they say they were entitled to. Gentlemen, the evidence is for you to consider. You will ascertain how long she was there, what it was worth, and give a verdict of what you shall consider is right under the evidence."

The jury found in favor of the claimant $105. The testimony is all returned, and the record shows that the court erred in his recollection of the testimony. There was no definite testimony showing the length of time Mrs. McDonald boarded with Mrs. McGee prior to the appointment of the guardian in June, 1880. Mary McGee testifies that she boarded there the first year three months, and after that she stayed two months or a month; but her testimony covered the entire period to within nine months of Mrs. McDonald's death, which she estimated at between eighteen months and

two years. There is no warrant in the testimony for esti-
mating the time at seven months before the appointment of
the guardian. The testimony did not authorize a finding for
more than three months, and the judge should have so
instructed the jury.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.