ANNIE McHUGH v. THE ESTATE OF EDWARD O. DOWD, DECEASED.

*Evidence—Estates of deceased persons—Matters within knowledge of deceased—Waiver by administrator.*

1. It is not competent for a witness to testify to the supposed motive which influenced the action of another.
2. An administrator cannot waive the statute of limitations (*McGee v. McDonald's Estate*, 66 Mich. 629); nor can he waive the provisions of the statute which prohibit a claimant against the estate from testifying to facts, tending to support the claim, which were equally within the knowledge of the deceased.
3. A claim against the estate of a deceased person, based upon an open account, should give the items of which it is composed, with the dates when they accrued and the respective amounts.

Error to Wayne. (Hosmer, J.) Argued May 20, 1891. Decided July 3, 1891.

The administrator brings error from the judgment of

the circuit court allowing a claim against the estate on appeal. Reversed, and a new trial granted. The facts are stated in the opinion.

*Brennan & Donnelly (E. F. Bacon,* of counsel), for appellant.

*Conely, Maybury & Lucking,* for plaintiff.

CHAMPLIN, C. J. The plaintiff presented the following claim against the estate of Edward O. Dowd, deceased:

"1. Work and labor performed by claimant for deceased in his life-time, and board furnished him by claimant, $950.

"2. Money paid by claimant to use of deceased in his life-time to pay interest on and redeem from Hassel-backer mortgage, $780.

"3. Money loaned by claimant to deceased, to wit, in summer of 1883, $400.

"4. Purchase price of land deeded by claimant to deceased in his life-time, to wit, August 7, 1883, said land being lot 6 of the Chas. Moran farm, Detroit, Wayne county, Mich., to wit, $1,000.

"5. To money due claimant from deceased on promise made in consideration of said deed of said land to pay her in money for her past services, and board furnished deceased, said new promise being made on, to wit, August 7, 1883, to wit, $1,000.

"The total sum of the claim sought to be recovered in this proceeding is $1,250."

Upon the trial in the Wayne circuit court before a jury, a verdict was rendered in favor of the claimant for $546.

It appears that the claimant was permitted to testify, without objection, to several material matters which, if true, must have been equally within the knowledge of the deceased. This ought not to have been permitted by the party representing the estate. It has been held that an administrator cannot waive the statute of limita-

tions, and thus charge the estate for a claim which the law presumes to have been paid. *McGee v. McDonald's Estate*, 66 Mich. 629, 630. The defense of the statute was relied upon in this case; but of what avail is such defense if the administrator permits the claim to be established by incompetent witnesses? If the administrator cannot waive the statute of limitations, neither can he waive the provisions of the statute prohibiting a party to testify in support of a claim to facts tending to establish it which are equally within the knowledge of the deceased person. The statute was designed to protect the estates of deceased persons against claims which depend, in whole or in part, upon testimony of a party which cannot be refuted by the testimony of the deceased. To permit such party to testify would be a direct violation of the policy of the statute, and open the door to the perpetration of fraud against the estates of deceased persons, which it was the policy of the law to prohibit.

It was error to permit the witness Mrs. Craib to testify to what she supposed Dowd thought as a reason why he asked her if she knew "how we stand on the board-bill." *Clement v. Cureton*, 36 Ala. 120; *Gorham v. Gorham*, 41 Conn. 242. This error is sufficient to reverse the case; but, in sending it back for a new trial, we desire to call attention to the very vague and general language of the claim. The bill of particulars is no more definite than the claim, and the items are too vague and uncertain to permit proof to be given to charge the estate. If there exists an open account, the items of which it is composed, with the dates when they accrued and the respective amounts, can be given; and this should be required before a new trial is had. The testimony by which the claim is supported is of the same

general uncertain character, owing, perhaps, to the fact that no account current was filed to which it could be confined.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.