BARBIER v. YOUNG.

EXECUTORS AND ADMINISTRATORS—EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—FAILURE TO OBJECT.

In an action by an executor upon a promissory note, defendant, who denied its execution, was permitted, without objection, to testify to matters equally within the knowledge of the deceased; but, whenever plaintiff's counsel did object, the objection was sustained, and the court instructed the jury that the statute excluded all such testimony. *Held*, not to require a reversal; that the fact that plaintiff sued as executor did not justify him in sitting by without objecting to the admission of incompetent testimony, in the expectation that the court would rule it out on its own motion. *McHugh* v. *Dowd's Estate*, 86 Mich. 412, distinguished.

Error to Bay; Maxwell, J. Submitted November 4, 1897. Decided November 23, 1897.

*Assumpsit* by Marie A. Barbier, executrix of the last will and testament of Francois Barbier, deceased, against

Mary A. Young, upon a promissory note.    From a judgment for defendant, plaintiff brings error.    Affirmed.

*John A. McKay* (*James H. Davitt*, of counsel), for appellant.

*Lyon & Pierce*, for appellee.

GRANT, J.    Plaintiff brought suit to recover on a promissory note for $100, purporting to be executed by the defendant to the deceased, Francois Barbier.    The defendant to her plea attached an affidavit denying the execution of the note.    The defendant was permitted, without objection, to testify to matters equally within the knowledge of the deceased.    Whenever plaintiff's counsel objected to the admission of such testimony, it was excluded; and in the oral charge the court instructed the jury that the statute excluded all such testimony.    Counsel insist that its admission was error, although no objection was made, and cite *McHugh* v. *Dowd's Estate*, 86 Mich. 412. In that case one of the defenses interposed was the statute of limitations, and the language there used must be construed with reference to the law that no claim barred by the statute of limitations can be allowed, by consent or otherwise, against the estate of a deceased person.    *McGee* v. *McDonald's Estate*, 66 Mich. 628.    An administrator and his counsel cannot sit by without objecting to the admission of incompetent evidence, and expect the trial judge to rule it out on his own motion.

Judgment affirmed.

The other Justices concurred.