## GEISEL *v.* BURG.

1. GIFTS—DELIVERY—INDORSED CERTIFICATES OF DEPOSIT.
    Certificates of deposit found in shoe box under deceased payee's bed and which had been indorsed for payment to various relatives upon death of payee *held,* part of deceased payee's estate since there was no delivery.

2. SAME—INTER VIVOS—DELIVERY—ACCEPTANCE.
    To constitute a valid gift *inter vivos* there must be a gratuitous and absolute transfer of property from donor to donee, taking effect immediately, and fully executed by a delivery of the property by donor and acceptance thereof by donee.

3. SAME—INTER VIVOS—DELIVERY.
    To effectuate a gift *inter vivos,* there must be an unconditional delivery either to donee direct or to some one for him and the right of disposition must be wholly beyond the power of donor.

4. LIMITATIONS OF ACTIONS—WAIVER—ADMINISTRATORS.
    Generally an administrator cannot waive the statute of limitations.

5. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
—WAIVER—ADMINISTRATORS.

An administrator may not waive provisions of statute prohibiting
a claimant against estate from testifying to facts, tending to
support his claim, which were equally within knowledge of de-
ceased except where administrator examines or calls the oppo-
site party to testify as to matters equally within knowledge of
deceased (3 Comp. Laws 1929, § 14219).

6. SAME — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —
ADMINISTRATORS—FAILURE TO OBJECT NOT A WAIVER.

Failure of an administrator to object to testimony of a witness
who testifies as to matters equally within knowledge of de-
ceased *held,* not a waiver of benefit of such statute (3 Comp.
Laws 1929, § 14219).

7. GIFTS—DELIVERY—EVIDENCE—MATTERS EQUALLY WITHIN KNOWL-
EDGE OF DECEASED.

In administrator's suit to determine ownership of certificate of
deposit which was made payable to deceased purchaser or
nephew, with whom it was left, where his testimony as to de-
livery to him was inadmissible as being equally within knowl-
edge of deceased and there was no other evidence that it was
a gift, certificate *held,* intestate property (3 Comp. Laws 1929,
§ 14219).

8. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
—CERTIFICATES OF DEPOSIT.

In administrator's suit to determine ownership of various certifi-
cates of deposit which had been purchased by deceased and
were made payable to her or designated nephews and niece,
testimony as to delivery by nephew with whom they were de-
posited and who had acted as deceased's agent *held,* inadmissi-
ble as to certificate in which he was designated as alternate
payee but admissible as to certificates made payable to de-
ceased and brothers and sister of witness as alternate payees
(3 Comp. Laws 1929, § 14219).

9. GIFTS—INTER VIVOS—DELIVERY—RECALL BY DONOR.

Certificates of deposit which had been purchased by deceased and
made payable to various relatives and left with nephew subject
to recall by deceased *held,* not to have been delivered so as to
effect a gift *inter vivos.*

10. WILLS—FORM—STATUTES—OPERATION.

In determining whether an instrument is a will or not, its form
is of little consequence for if statutory formalities are com-

plied with and instrument is to operate only after death of maker it is a will.

11. EVIDENCE—HEARSAY.

Testimony of bank employee as to statement which deceased's nephew made relative to passage of title to certificates of deposit which had been purchased by deceased *held*, inadmissible as hearsay in administrator's suit to determine ownership of the certificates.

12. WILLS—EVIDENCE—INTENT.

In suit by administrator to determine ownership of various certificates of deposit which were made payable to deceased or certain relatives in the event of her death and were found in a shoe box underneath deceased's bed or which had been left with a nephew subject to her recall, evidence *held*, insufficient to establish intent of deceased to make a will as to any certificate in favor of any one.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 8, 1937. (Docket No. 79, Calendar No. 39,510.) Decided December 29, 1937.

Bill by George J. Geisel, administrator of the estate of Lucetta Burg, deceased, against Charles, Pharo C., Grover F., Marie G., Ralph E., Charles S., and John A. Burg to determine ownership of certificates of deposit. Cross-bill by defendant Charles Burg against plaintiff, other defendants and others to determine ownership of certain certificates of deposit, for an injunction and other relief. From decree rendered, plaintiff and defendant Grover F. Burg filed separate appeals, defendant and cross-plaintiff Charles Burg cross-appeals. Reversed.

*Arch D. Wilson,* for plaintiff.

*Roscoe O. Bonisteel* and *Burke & Burke,* for defendant and cross-plaintiff.

*Frank B. DeVine,* for defendant Grover F. Burg.

SHARPE, J.  Lucetta Burg, an unmarried woman, died September 18, 1934, and was survived by the following heirs, Charles Burg, a brother; Pharo C. Burg, Grover F. Burg, John A. Burg, Ralph E. Burg, Charles S. Burg, nephews, and Marie G. Burg, a niece, all of which nephews and the niece were children of a deceased brother Frank Burg.

At the time of her death, Lucetta Burg had in her possession, in a shoe box under her bed, the following certificates of deposit:

Certificate of deposit dated September 17, 1934, in the sum of $4,462 issued by the Citizens Bank of Saline, payable to the order of herself and on the back of which was the following statement, not in the handwriting of the deceased: "In the event of my death pay to the order of my brother, Charles Burg." This certificate was not indorsed.

Certificate of deposit dated July 29, 1934, in the sum of $3,946 issued by the Citizens Bank of Saline, payable to the order of herself and on the back of which appeared the following indorsement: "In the event of my death pay to the order of Grace M. Burg, Lucetta Burg."

A certificate of deposit dated July 29, 1934, in the sum of $4,412 issued by the Citizens Bank of Saline, payable to the order of herself and on the back of which appeared the following indorsement: "In the event of my death pay to the order of Pharo C. Burg, Lucetta Burg."

A certificate of deposit dated June 15, 1934, in the sum of $9,400 issued by the Citizens Bank of Saline, payable to the order of herself and on the back of which the following appeared which was not in the handwriting of the deceased: "In the event of my death pay to the order of Charles Burg, brother, of Colorado Springs, Col."

A certificate of deposit dated April 9, 1934, in the sum of $8,932 issued by the Citizens Bank of Saline,

payable to the order of herself and on the back of which appeared the following: "In the event of my death pay to the order of Charles Burg, brother, of Colorado Springs, Col., Lucetta Burg."

At the time of her death, Grover Burg, a nephew, had in his possession the following certificates of deposit:

A certificate of deposit purchased by Lucetta Burg May 15, 1934, from the State Savings Bank of Ann Arbor for $8,000 payable to the order of self or Charles Burg which was not indorsed.

A certificate of deposit in the sum of $16,359 purchased from the Farmers & Mechanics Bank of Ann Arbor. This certificate of deposit was payable to the order of Lucetta Burg and on the reverse side of the certificate was the following: "In the event of my death pay to the order of my brother Charles Burg," signed by Lucetta Burg and witnessed by Mildred Hallen and B. A. Van Sickle, employees of the Farmers & Mechanics Bank.

At the same time, Grover Burg also had in his possession the following certificates of deposit purchased from the First National Bank of Ann Arbor, dated May 15, 1934:

One in the sum of $4,075 payable to the order of Lucetta Burg or Pharo C. Burg, with no indorsement;

One in the sum of $8,487 payable to the order of Lucetta Burg or Ralph E. Burg, with no indorsement;

One in the sum of $8,487 payable to the order of Lucetta Burg or John A. Burg, with no indorsement;

One in the sum of $8,487 payable to the order of Lucetta Burg or Grover F. Burg, with no indorsement.

The administrator did not know of the last four certificates of deposit until after he filed the inventory. The question naturally arose as to the ownership of these various certificates of deposit and the administrator filed a bill in the chancery court of Washtenaw county to determine this question. During the trial of the cause it developed that, of the certificates in possession of Grover F. Burg at the time of Lucetta Burg's death, he at first delivered to the administrator all of the certificates upon which Charles Burg's name appeared and retained those in which the names of his brothers and sister appeared; that Grover F. Burg took care of many of the financial transactions of Lucetta Burg and filed a claim against the estate in the sum of $30,000.

The trial court held that it was the intention of Lucetta Burg to make gifts of the funds represented by the various certificates of deposit to the donees named in said certificates and entered a decree accordingly. The administrator and Grover F. Burg appeal and Charles Burg cross-appeals.

The defendant and cross-defendant Grover F. Burg contends that the certificates of deposit purchased by Lucetta Burg and which were found in the shoe box are not the property of the persons whose names appear on the back thereof, but that they are the property of the estate as there was no transfer of the property by the donor, she having retained possession of the box until her death; that the certificate of deposit in the sum of $16,359 purchased from the Farmers & Mechanics Bank upon which she had indorsed a memorandum to the effect that in the event of her death, the certificate of deposit was to be paid to Charles Burg, her brother, became intestate property as she made no declaration during her lifetime of an intent to give the same to Charles

Burg; that the certificate of deposit in the sum of $8,000 purchased from the State Savings Bank and made payable to the order of "self or Charles Burg (brother)" also became intestate property for the reasons stated above; and that the certificates of deposit made payable to Lucetta Burg and her nephews and niece are the property of the nephews and niece as delivery of the same was made to Grover F. Burg as agent of his brothers and sister.

It is contended by Charles Burg, cross-plaintiff, that the certificate of deposit of the Farmers & Mechanics Bank indorsed to Charles Burg should be declared a will; and that as to all of the other certificates of deposit, they are valid gifts and should go to the respective donees named therein, or, in the alternative, that they were attempted testamentary dispositions and, having failed to pass any interest to the co-payee or indorsee named thereon because of the lack of statutory testamentary formalities required to make a valid will, the same now become intestate property.

It is the claim of the administrator that the four certificates of deposit purchased by Lucetta Burg from the First National Bank of Ann Arbor and made out to the nephews and niece as alternate payees are not the property of the persons whose names appear on the face of the certificates, but are the property of the estate; and that as to the other certificates of deposit, there being no evidence of delivery, they are the property of the estate.

In our examination of the record and the law applicable thereto we are constrained to hold that as to the certificates of deposit found in the so-called "shoe box," there was no delivery and the same now become the property of the estate.

In *Garrison* v. *Union Trust Co.,* 164 Mich. 345 (32 L. R. A. [N. S.] 219), we said:

"To constitute a valid gift *inter vivos,* there must be a gratuitous and absolute transfer of the property from the donor to the donee, taking effect immediately, and fully executed by a delivery of the property by the donor and an acceptance thereof by the donee."

See, also, *Shepard* v. *Shepard,* 164 Mich. 183.

In *Chaddock* v. *Chaddock,* 134 Mich. 48, we said:

"To effectuate a gift *inter vivos,* there must be an unconditional delivery, either to the donee direct or to some one for him, and the right of disposition must be wholly beyond the power of the donor. *Holmes* v. *McDonald,* 119 Mich. 563 (75 Am. St. Rep. 430); *Burns* v. *Burns,* 132 Mich. 441; *Snyder* v. *Snyder,* 131 Mich. 658; 14 Am. & Eng. Enc. Law (2d Ed.), 1014."

From the facts as shown in this cause, Lucetta Burg retained until the last her control of the above certificates of deposit. In fact there is no evidence of a showing to the contrary.

When called as a witness, Grover F. Burg testified that prior to the death of Lucetta Burg, he had in his possession six certificates of deposit, four from the First National Bank of Ann Arbor, one from the State Savings Bank of Ann Arbor, and one from the Farmers & Mechanics Bank of Ann Arbor; that as to the certificates in which the name of Charles Burg appeared, no instructions were given him by Lucetta Burg to deliver them to Charles Burg prior or subsequent to her death; and that the four certificates, in which the names of his brothers and sister appear, were given to him to be delivered to his brothers and sister.

Upon cross-examination, Grover F. Burg gave the following testimony:

"*Q.* Mr. Burg, you had in your possession at different times prior to the death of your aunt, certain certificates of deposit, you testified?

"*A.* Yes, sir.

"*Q.* There isn't any question but what if she had asked you to return them to her you would have returned them?

"*A.* I surely would. She directed them and I surely would hand them back to her.

"*Q.* No matter whose name was on them and what indorsement?

"*A.* My name or her name, she was just as much entitled to them as I was and I would have handed them back.

"*Q.* So all the time up to the time of her death, if she asked you to return any certificates, your or Charles' or Pharo's, you would have turned them back to her?

"*A.* Absolutely.

"*Q.* In other words, these certificates that came into your possession, any of them, you treated them all in the same manner, that she was entitled to recall any of them she wanted to?

"*A.* I did.

"*Q.* And the certificate of the Farmers' & Mechanics' Bank and the one on the State Savings Bank, if she had asked you for them, you would have returned them at any time?

"*A.* Any time."

The record shows that during the trial of the cause no objection was raised by the administrator to any testimony of Grover F. Burg and it is now contended by the administrator that this testimony is incompetent as much of it relates to matters equally within the knowledge of the deceased. 3 Comp.

Laws 1929, § 14219. However, it is claimed that the failure of the administrator to object to the testimony of the witness Grover F. Burg waived the provisions of the above statute.

The general rule is that the administrator cannot waive the statute of limitations. *McGee* v. *McDonald's Estate,* 66 Mich. 628. In *McHugh* v. *Dowd's Estate,* 86 Mich. 412, we there held that an administrator may not waive the provisions of the statute which prohibits a claimant against the estate from testifying to facts, tending to support his claim, which were equally within the knowledge of the deceased. An exception to this rule is where the administrator examines the opposite party, he has waived the benefit of the statute, or as in *Fox* v. *Barrett's Estate,* 117 Mich. 162, where the administrator called the opposite party to testify as to matters equally within the knowledge of the deceased. In our opinion the failure by the administrator to object to the testimony of a witness who testifies as to such matters is not a waiver of the statute. See *Thorbahn* v. *Walker's Estate,* 269 Mich. 586.

Under the above rule the testimony of Grover F. Burg as to the certificate of deposit purchased from the First National Bank of Ann Arbor dated May 15, 1934, payable to the order of Lucetta Burg or Grover F. Burg was inadmissible. There being no other evidence of a gift to him of this certificate, it became intestate property.

However, we think the testimony of Grover F. Burg as to the other certificates of deposit in his possession at the time of Lucetta's death was admissible. An examination of this testimony discloses that Grover F. Burg acted in the capacity of an agent for deceased in some matters connected with her financial affairs. He held certain certificates which he

claimed were to be delivered to his brothers and sister subsequent to the death of Lucetta Burg, but he further testified that he would have returned these certificates to the deceased at any time she asked him to do so.

In our opinion the delivery of the certificates to Grover F. Burg was on condition that they could be recalled at any time upon request of the deceased. Lucetta Burg during her lifetime never placed these certificates beyond her control. The situation in the case at bar is similar to that in *First National Bank & Trust Co.* v. *Huntley,* 251 Mich. 483, where we said:

"It is clear that neither Elmer nor his father understood that a gift *inter vivos* was made. Elmer exercised no individual control of the fund during his father's lifetime, but handled it only at the latter's order. His possession of the book was merely for convenience in complying with the father's wishes."

There was not such a delivery as is required under the rule enunciated in *Chaddock* v. *Chaddock, supra,* to effectuate a gift. Nor does the fact that these certificates were not recalled change the above rule. In view of the fact that there is no other testimony upon this question, the certificates became intestate property.

It is the claim of the cross-plaintiff that the certificate of deposit in the sum of $16,359 indorsed to the order of Charles Burg, signed by the decedent and witnessed by two competent witnesses is a valid will.

In *Lautenshlager* v. *Lautenshlager,* 80 Mich. 285, we said:

"The form of any instrument is of little consequence in determining whether it is a will or not.

If it is executed with the formalities required by the statute, and if it is to operate only after the death of the maker, it is a will."

The only testimony in addition to that given by Grover F. Burg as to when the above certificate of deposit was to pass title was given by Mildred Hallen, an employee of the bank, who testified as follows:

"*Q.* And Grover told you that she didn't want Charles to have any interest in it during her lifetime?

"*A.* No, but she wanted him to have it after her death."

This testimony does not purport to come from the decedent. It is only a restatement of what Grover F. Burg said and as such comes within the hearsay rule. We cannot find in the record any intention on the part of Lucetta Burg to make a will in favor of any particular heir and conclude that the record does not sustain such a claim. The conclusion is inevitable that all of decedent's property is intestate property and as such is to be administered in accordance with the laws of this State.

The decree of the circuit court is reversed and one will be entered in accordance with this opinion. No costs will be allowed.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.