## CENTRAL NAT. BANK OF CLEVELAND v. UNITED STATES.

### No. 44660.

Court of Claims.

Oct. 6, 1941.

Ashley M. Van Duzer, of Cleveland, Ohio (William B. Stewart, Walker H. Nye, and McKeehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, on the brief), for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

During the years 1920 to 1928 the deceased created four trusts for the benefit of his wife and children, reserving the right to alter, amend, modify or revoke any one of them in any calendar year, if notice of such intention were given the trustee within the first 15 days of December of the preced-

ing calendar year. Prior to the Revenue Act of 1934 it was held that the income from these trusts was not taxable to the settlor; however, that Act required the settlor to include the income from each of them in his own income. To avoid this, and also for the purpose of equalizing the income from them among his children, decedent in the middle of June 1934 amended them so as to surrender his right of revocation or amendment.

However, three of the trusts, after amendment, provided that if the deceased should be living at midnight on December 31, 1937, the trusts should terminate and their corpora should be paid over to the settlor. The amendment to the other trust directed the trustee to transfer its corpus to the grantor or his estate when the original beneficiary thereof, deceased's son Robert, arrived at the age of thirty-five years.

The plaintiff concedes that the remainder value of the last mentioned trust, known as the W. G. Wilson trust, should be included in decedent's gross estate; the controversy is over whether or not any part of the value of the corpora of the other three trusts should be included in his estate. The defendant says that the entire value of the trust property of each of these three trusts should be included in decedent's estate. The plaintiff says that no part of the value of the property covered by these trusts should be included, but that in no event no more than deceased's reversionary interest therein should be included.

1. The defendant says that the value of the trust property should be included in deceased's gross estate because the transfers of this property were made in contemplation of death, or that they were intended to take effect in possession and enjoyment at or after decedent's death, by reason of the provision that the trust property should be paid over to the decedent if he should be living at midnight on December 31, 1937.

There is no merit in defendant's contention that the trusts were made in contemplation of death. One was executed on December 31, 1920, another on January 3, 1921, another on February 22, 1927, and the last one on May 5, 1928. When the first trust was executed the deceased was 48 years old, and when the last one was executed he was 56 years old, and at all times he was in perfect health. There is nothing whatever to indicate that the trusts were originally created in contemplation of death. They were amended in the middle of June, 1934, when decedent was slightly over 63 years of age, and when he was in perfect, if not vigorous, health, and the record leaves no doubt of his purpose in amending the trusts. That purpose was to prevent the inclusion within his gross income of the income from the trusts, and, secondarily, to equalize among the beneficiaries the income from the four trusts. There is not the faintest suggestion that in so doing he was actuated by thoughts of death.

2. On the other hand, plaintiff apparently concedes that under the decision of the Supreme Court in Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, all of the trusts except the W. G. Wilson trust were intended to take effect in possession and enjoyment at or after decedent's death, and that the value of his reversionary interest in the property should be included in his gross estate. It, however, says that notwithstanding this decision, no part of the value of the property should be included in decedent's estate, because when the trusts were amended they were amended in reliance upon and to conform with the decisions of the Supreme Court in May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413, and Helvering v. Duke, 290 U.S. 591, 54 S.Ct. 95, 78 L.Ed. 521, under which no part of the value of the property was includable in decedent's estate. These decisions, it says, are in conflict with the decision in Helvering v. Hallock, supra, and that decision should not be applied retroactively.

The plaintiff further says, if incorrect in the foregoing, that the trusts were maintained for some two weeks after the decisions in Helvering v. St. Louis Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and Becker v. St. Louis Trust Company, 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, and that under these decisions no part of the value of the property would be includable in decedent's gross estate, and the trust having been maintained in reliance upon these decisions, the decision in Helvering v. Hallock, supra, should not be applied retroactively so as to include in his estate some part of the value of the property.

In May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, the trust created a life estate in the settlor's husband and, after his death, if he predeceased her, a life estate in herself, with remainder in her children. The entire fee was disposed of by the instrument; the beneficiaries ac-

quired no additional right by the settlor's death. At the grantor's death the beneficiaries came into the possession of the thing, title to which had already been given them. Hence, it was held there had been no transfer at death subject to the tax.

The next decision in point of time was Klein v. United States, 283 U.S. 231, 51 S. Ct. 398, 75 L.Ed. 996. In this case the grantor conveyed a life estate to his wife and also the entire fee, but the latter only in the event that she should survive him. If she died first her interest in the property ceased. It was held that since she would receive the remainder only on the contingency of the grantor's prior death, she did not acquire by the deed a vested remainder, but only a contingent one, and since the death of the grantor was necessary in order that the grantee's contingent remainder might become a vested remainder, the transfer was held subject to the tax.

In Burnet, Commissioner of Internal Revenue, v. McCormick, 7 Cir., 43 F.2d 277, the trust instrument provided for the payment to named beneficiaries of the income from the trust property after the grantor's death. It also provided for the termination of the trust instrument on the death of the last survivor or sooner if the grantor and one of the beneficiaries consented thereto. On termination of the trust the property was to be reconveyed to the grantor if she should then be living; otherwise it was to go in the way directed. This was held to be taxable by the Circuit Court of Appeals, but it was reversed by the Supreme Court in a per curiam opinion, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413, on the authority of May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L. Ed. 826, 67 A.L.R. 1244.

In Helvering, Commissioner, v. Duke, supra, there was a provision in the trust instruments providing for the reversion to the grantor of the trust property in case the beneficiary predeceased him. J. B. Duke, the grantor, was designated as trustee to act during his lifetime. He was required under the instrument to pay to the beneficiary only such part of the income as he thought best; but after his death his successor trustee was required to pay a designated part of the income, and, under one of the trusts, a designated part of the principal at certain times. Both the Board of Tax Appeals, 23 B.T.A. 1103, and the Circuit Court of Appeals, 3 Cir., 62 F.2d 1057, held the transfer nontaxable. This was affirmed by the Supreme Court without opinion, the court being equally divided (290 U.S. 591, 54 S.Ct. 95, 78 L.Ed. 521).

These were the cases on which the deceased is said to have relied, or which he should have considered. The facts in none of them were the same as in the case at bar. In no one of them, unless in McCormick v. Burnet, supra, could the interest of the beneficiaries be divested out of them during their lifetimes and vested in the grantor, as is the case here. In this case the interest of the beneficiaries would have been defeated had the grantor lived until December 31, 1937; in none of the others, with the possible exception stated above, could they have been defeated by any contingency that might occur during their lives. The prior death of the grantor in this case ripened their defeasible interest into an indefeasible one. In May v. Heiner, supra, the interest of the beneficiaries was in no way affected by the grantor's death, but his death did have some effect on their rights in McCormick v. Burnet, supra. In the Duke case the interest of the beneficiary was affected by the death of the grantor, in that prior to his death her return from the trusts was uncertain, but after his death was definite and fixed, and also in that after his death she could dispose of the remainder. In the Klein case the life estate of the beneficiary was increased by the acquisition of the remainder into the full fee on the death of the grantor.

Such was the state of the law when these trusts were amended. We dare say no lawyer would have been willing to say that under these decisions there could be no doubt that the trusts as amended would definitely come within the decision in the Klein case or within the rule of one of the others. At any rate, the justices of the Supreme Court were in sharp disagreement about it. The majority of the court in the St. Louis Trust Company cases thought similar trusts were not controlled by the rule of the Klein case; four justices thought they were. In Helvering v. Hallock, the majority of the court said the St. Louis Trust decisions were in conflict with the Klein decision and overruled the St. Louis Trust decisions; the Chief Justice apparently saw no conflict, but thought the case there was controlled by the Klein decision; two justices thought the St. Louis Trust decisions were a logical outgrowth of May v. Heiner and McCormick v. Burnet, and were not inconsistent with the Klein case. Under such circumstances it clearly

cannot be said that any definite rule of property had been established by these decisions. The rule of stare decisis is only applicable where the law has been settled, not when it is uncertain.

About eighteen months after the trusts were amended the Supreme Court decided the two St. Louis Trust Company cases. This was about two weeks before decedent died. Plaintiff says that the trusts were maintained although not created, in reliance on these two decisions. They do fit plaintiff's case.

In Helvering v. St. Louis Trust Company, 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, the grantees were vested with the full fee at the time of the execution of the instrument, but the grantor retained a reversionary interest in the property, under which the property was to be reconveyed to him if the beneficiaries predeceased him. Because in the Klein case the death of the grantor ripened a contingent remainder interest into a vested one, whereas, in the St. Louis Trust cases the trust instruments created a vested interest, subject to be divested, the majority of the court said the two cases were distinguishable. The Chief Justice and Justices Stone, Cardozo, and Brandeis dissented. This was the first time the court had said that the difference between a contingent remainder and the possibility of a reverter affected the taxability of the transfer. Plaintiff says, although decedent did not create the trusts in reliance on these decisions, he did not alter them after their announcement, and therefore relied upon them, and because of this the rule announced in them should be held applicable, and the rule announced in Helvering v. Hallock, supra, should not be applied retroactively.

The St. Louis Trust Company decisions were announced about two weeks before decedent died; the trusts had been amended some eighteen months previously. They were amended for the primary purpose of preventing the plaintiff's decedent from being liable for income taxes on the income from them, and to equalize the income to the beneficiaries, and not to bring them within any supposed rule exempting the transfer from estate taxes. It is true this feature was not ignored by decedent's advisers, but it was only incidentally considered; it was not the motivating cause of the amendments. And, gratifying though it was, no doubt, that the Supreme Court in the St. Louis Trust cases had held that such transfers were not subject to the estate tax, such decisions affected neither one way nor the other the grantor's primary purposes, to escape income-tax liability and to equalize the income among the beneficiaries. Had it been the grantor's purpose in amending the trusts to escape estate tax, there would be more weight to the argument.

But, even so, can it be said that because a taxpayer correctly divines in advance what the Supreme Court is going to say about some act he takes, does he acquire some vested right from its later decision upholding that act, which later decision still later turns out to have been wrong? We know of no such rule of law. We know of no principle upon which such a rule of law could be based. The taxpayer did not act in reliance on the previously announced rule in the St. Louis Trust cases; he acted without any pronouncement, hoping he was right. No decision induced him to act in a certain way; he acted without any decision.

It is true he could have surrendered his reversionary interest if the decision had gone the other way; but there are many other considerations that might have induced him not to do so. Whether he would have done so or not, none can say.

The Supreme Court did not limit the decision in Helvering v. Hallock to cases thereafter arising, and we must hold that it, and not the St. Louis Trust Company decisions, decides plaintiff's rights. Under it we hold that an interest in the property transferred took effect in possession or enjoyment on the grantor's death.

3. This makes it necessary for us to determine the extent of the value of the trust property which should be included in decedent's gross estate. On the trial of the case the parties entered into the following stipulation:

Should this court determine that the transfers involved in the case were made to take effect in possession or enjoyment at or after the decedent's death, the estate would be entitled to reduce the value of the corpora of the various trusts involved by the values at the date of the decedent's death of the interests of the trust beneficiaries. Such deduction would produce a refund to the plaintiff in an amount not now readily ascertainable.

The defendant now asks to be relieved of this agreement and asks the court to hold that the entire value of the property

should be included in the gross estate, since it says the court in Helvering v. Hallock, supra, said, impliedly at least, that this should be done. We find no such indication from the decision in the Hallock case. As the plaintiff points out in its reply brief, the Government, before the Circuit Court of Appeals in the Hallock case and in its petition for certiorari to the Supreme Court therein, conceded that it was only the remainder interest or reversionary interest which was subject to the tax. No issue was made before the Supreme Court as to the extent of the value of the trust property to be included, and after the decision in the Hallock case the deficiency was computed upon the value of the remainder only and this was done with the consent of the defendant.

In Reinecke v. Northern Trust Co., 278 U.S. 339, 347, 348, 49 S.Ct. 123, 125, 73 L. Ed. 410, 66 A.L.R. 397, the court said of the section of the Revenue Act under consideration: "In its plan and scope the tax is one imposed on transfers at death or made in contemplation of death and *is measured by the value at death of the interest which is transferred.* [Italics ours.]"

This is further indicated by Justice Stone in his dissenting opinion in Helvering v. St. Louis Trust Company, supra [296 U.S. 39, 56 S.Ct. 77, 80 L.Ed. 29, 100 A.L.R. 1239], in which he says that the section imposes a tax "on the value of the interest which is shifted from donor to donee on the former's death."

In Klein v. United States, supra, it appears that the tax was assessed on the value of the property "after deducting therefrom the value of the life estate."

It would be difficult to reach any other conclusion, for the Act, § 402, 40 Stat. 1097 provides for the inclusion within the gross estate of property "To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust * * * intended to take effect in possession or enjoyment at or after his death."

The Act, therefore, expressly says that there should be included in the gross estate only that interest which was intended to take effect in possession or enjoyment at or after death. It must follow therefrom that the interest in the property which had already vested in the beneficiaries and which was not transmitted by death is to be excluded from the gross estate.

■ 4. There is one further issue in the case, the right of the plaintiff to deduct two pledges made by the decedent during his lifetime, one to John Carroll University and the other to the Cleveland Community Fund. The defendant now concedes that these deductions were proper, and we agree. Charles J. Brown et al., Executors, v. United States, 37 F.Supp. 444, 93 Ct.Cl. 217.

■ 5. The plaintiff is entitled to a credit of the Ohio inheritance taxes, computed in accordance with this opinion. This credit will be allowed when the taxes are paid.

If the parties are unable to stipulate as to the following matters, the case will be referred to a commissioner for the taking of proof thereon: (1) the value of the interests transmitted at death of decedent, computed in accordance with this opinion (the petition alleges the value of the interests transferred at death, but there is no proof thereon); (2) the amount of Ohio inheritance taxes paid; and (3) the correct amount of estate tax due or the refund due, computed in accordance with this opinion. The entry of judgment will be withheld until the incoming of this stipulation or a report of the commissioner. It is so ordered.