684

ESTATE OF ANNA LEWIS, DECEASED, B. MORRIS PELAVIN, ADMINISTRATOR, W.W.A., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6848–65.    Filed March 27, 1968.

*Michael A. Pelavin*, for the petitioner.
*Charles S. Stroad*, for the respondent.

686

OPINION

The only issue presented is whether Albert's claim against the estate of his deceased wife, Anna, was allowable as a deduction from her gross estate by virtue of section 2053(a).[3] The resolution of this issue depends on whether his claim was allowable against the estate in 1961 by the laws of the State of Michigan. We answer in the negative because of the applicability of the Michigan statute of limitations. Respondent's determination of deficiency, therefore, must be upheld.

Petitioner first contends that Albert's claim was valid under Michigan law. Petitioner additionally contends that the decision of the Probate Court to allow Albert's claim is sufficient to satisfy section 2053 (a). Both of petitioner's contentions spring from the same theory, viz, as a joint tenant with the right of survivorship in the joint bank accounts, Albert was entitled to the funds upon Anna's death. Petitioner argues that Anna's transfer of the jointly held funds to her own account was wrongful and did not destroy Albert's property rights therein.

[3] SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(3) for claims against the estate, and

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

Assuming *arguendo* that Anna's transfer of the funds was wrongful, we find that Albert's claim was barred by the Michigan statute of limitations when Anna died. As such, it was not deductible from the gross estate because a claim barred by the statute of limitations in the State of administration is not allowable under section 2053(a)(3). *Estate of Charles B. Wolf,* 29 T.C. 441, 449–450 (1957), affirmed in part and reversed in part 264 F. 2d 82 (C.A. 3, 1959); *Wolfsen* v. *Smyth,* 223 F. 2d 111 (C.A. 9, 1955); *Brown* v. *United States,* 37 F. Supp. 444 (Ct. Cl. 1941); see sec. 20.2053–4, Estate Tax Regs.[4]

The parties stipulated the following provisions relating to the statute of limitations from the Michigan Statutes Annotated:

Sec. 27A.5813 * * *

Sec 5813

All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes. * * *

Sec. 27A.5855 * * *

Sec 5855

If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations. * * *

Our research discloses no other applicable statutes of limitations. Petitioner does not contend that Anna fraudulently concealed from Albert the transfer of the joint accounts to other accounts in her name. To do so would be fruitless. Albert discovered these accounts in 1957, and did not bring an action within 2 years thereafter as contemplated by section 27A.5855, *supra.* More to the point, he did not commence any personal action within 6 years from the time Anna withdrew the funds from their joint bank accounts and deposited them in her name. That is, he did not satisfy section 27A.5813, *supra,* by filing his action within 6 years from December 1954 when his claim accrued. Instead, he awaited her death in 1961.

In Michigan "no claim barred by the statute of limitations shall be allowed in favor of or against the estate as a setoff or otherwise." Sec. 27.3178(419), Mich. Stat. Ann. (1962). This language has been interpreted to mean that a claim so barred is void. *In re Baldwin's Estate,* 311 Mich. 288, 308, 18 N.W. 2d 827, 835 (1945); see *McGee* v. *Atkinson,* 66 Mich. 628, 629–630, 33 N.W. 737 (1887). An administrator or executor of an estate in Michigan cannot waive the statute of

---

[4] Sec. 20.2053–4 [Estate Tax Regs.] Deduction for claims against the estate; in general. The amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death, * * *. Only claims enforceable against the decedent's estate may be deducted. * * *

limitations in an action on a claim against the estate. *McHugh* v. *O'Dowd's Estate*, 86 Mich. 412, 413–414, 49 N.W. 216 (1891); *In re Baldwin's Estate, supra;* cf. *In re Ford's Estate*, 331 Mich. 220,227, 49 N.W. 2d 154, 158 (1951); *Geisel* v. *Burg*, 283 Mich. 73, 83, 276 N.W. 904, 907 (1937); *Hollister* v. *Kinyon's Estate*, 195 Mich. 261, 268, 161 N.W. 962, 965 (1917).[5] *Barbier* v. *Young*, 115 Mich. 100, 101, 72 N.W. 1096 (1897), interpreted *McHugh* v. *O'Dowd's Estate, supra*, to mean "that no claim barred by the statute of limitations can be allowed, by consent or otherwise, against the estate of a deceased person."

Petitioner argues that Albert could have obtained the funds at any time by filing a domestic relations action against Anna, but offers no authority in support of this argument. To the contrary, Michigan law appears to hold that the period of limitations is not tolled or suspended because of the marital relationship. Section 27A.2001, Mich. Stat. Ann. (1962), provides that "Actions may be brought by and against a married woman as if she were unmarried."

We shall deal next with petitioner's contention that the Probate Court's order was itself sufficient to satisfy section 2053(a). The facts indicate that the Probate Court probably based its decision primarily, if not solely, on the consent of the persons involved and not on the legal merits of Albert's claim. However, we need not find that to be the case.

Even if the Probate Court had considered the legal merits of Albert's claim, we would not be bound by its decree.[6] Recently the Supreme Court dealt with the effect to be given a State trial court decree where the property interests determined in that State court had Federal estate tax consequences. *Commissioner* v. *Estate of Bosch*, 387 U.S. 456 (1967). The *Bosch* case held "that where the federal estate tax liability turns upon the character of a property interest held and transferred by the decedent under state law, federal authorities are not bound by the determination made of such property interest by a state trial court." *Id.* at 457. The Supreme Court directed that we first look

---

[5] Exceptions to the rule prohibiting waiver are not applicable here. See, e.g., *Geisel* v. *Burg*, 283 Mich. 73, 276 N.W. 904 (where the administrator examines an opposite party whose testimony is otherwise incompetent by statute, the rule is avoided) and *Hollister* v. *Kinyon's Estate*, 195 Mich. 261, 161 N.W. 962 (where the rule, not raised in the trial court, was first presented to the Supreme Court of Michigan, and, therefore, did not apply).

[6] Nor was the Commissioner bound since the decree was at variance with the statute of limitations of Michigan. In this context the Commissioner's regulations support his position.

Sec. 20.2053–1(b)(2) [Estate Tax Regs.] *Effect of court decree.* * * * If the decree was rendered by consent, it will be accepted, provided the consent was a bona fide recognition of the validity of the claim (and not a mere cloak for a gift) and was accepted by the court as satisfactory evidence upon the merits. It will be presumed that the consent was of this character, and was so accepted, if given by all parties having an interest adverse to the claimant. The decree will not be accepted if it is at variance with the law of the State; as, for example, an allowance made to an executor in excess of that prescribed by statute. * * *

to pronouncements by the State's highest court. We have done precisely that. We hold that Albert's claim was invalid under the Michigan statute of limitations as interpreted by the Supreme Court of Michigan.

*Decision will be entered for the respondent.*