### SHIPPEE *v.* SHIPPEE'S ESTATE.

1. Executors and Administrators—Survival of Affinity—Presumption of Gratuitous Services.

   Where daughter-in-law with living issue surviving death of her husband rendered services to mother-in-law, relation of affinity survived, so that it was necessary to prove express contract to entitle daughter-in-law to recover therefor; presumption that services were gratuitous being applicable.

2. Same—Implied Contract—Express Contract.

   Where affinity between daughter-in-law and mother-in-law survived, and there was express contract under which former furnished latter board and room for certain amount, implied contract that daughter-in-law was to be paid additional sum for care and nursing is not permissible, in view of relationship.

3. Witnesses—Matters Equally Within Knowledge of Deceased.

   Claimant against estate of deceased is not competent to testify to matters equally within knowledge of deceased, although others were aware of and testified to such matters.

Error to Monroe; Root (Jesse H.), J. Submitted April 9, 1931. (Docket No. 45, Calendar No. 35,317.) Decided June 1, 1931.

In the probation of the estate of Mary Shippee, deceased, Hattie Shippee presented her claim for care and maintenance of the deceased. Plaintiff appealed from disallowance of the claim in the probate court to the circuit court. Directed verdict and judgment for defendant estate. Plaintiff brings error. Affirmed.

*Golden, Nadeau & Fallon,* for plaintiff.

*George S. Wright,* for defendant.

*Golden & Kelly,* for defendant George Shippee.

WIEST, J. This is a claim against the estate of Mary Shippee for care and maintenance of the deceased for several months immediately preceding death.

Plaintiff is the widow of a son of Mary Shippee. In October, 1927, Mary Shippee went to plaintiff's home to live under an agreement to pay $40 per month for room and board. She was elderly and the next spring, by reason of partial paralysis, she lost control of bowel and urinary movements, became practically helpless and required great care. Plaintiff presented a claim for nursing and care of Mary Shippee and several items paid out for funeral expenses. The claim for care and nursing was disallowed in the probate court, and, upon appeal, the circuit judge directed a verdict against such claim but allowed other items.

The principal question is whether it was necessary for plaintiff to show an express contract for nursing and care. This involves consideration of whether the relation by affinity survived the death of plaintiff's husband. If it did not survive, then no family relation, giving rise to the presumption

that the services were gratuitous, is applicable. If there was living issue of the marriage, then the relation by affinity survived the death of plaintiff's husband, for in such event the mother-in-law was the grandmother of such issue. If there was no issue, then the affinity ended at the death of the connecting spouse. There was issue, for a son of plaintiff, a grandson of the deceased, was a witness. There is ample authority for the following text in 2 C. J. p. 379:

"Death of the spouse terminates the relationship by affinity; if, however, the marriage has resulted in issue who are still living, the relationship by affinity continues."

The relation by affinity, therefore, existed and the mentioned presumption attending such family relation was present.

In *Harris* v. *Harris,* 106 Mich. 246, a daughter-in-law performed services in the home of her father-in-law and was denied recovery in the absence of an express contract.

The relation affording the mentioned presumption may be met by circumstances disclosing a pecuniary recompense was expected by the server and intended to be paid by the served.

The only express contract appearing in this case was that of $40 per month for room and board. The sickness of Mrs. Shippee and the care she required did not, considering the relation, permit the court to find an implied contract under which plaintiff expected more pay than the $40 per month and that Mrs. Shippee expected to pay more.

Plaintiff was not permitted to testify to matters equally within the knowledge of the deceased. The ruling followed the statute, and counsel for plaintiff are in error in contending that her testimony was

admissible if others were aware of and testified to such matters.

We find no reversible error, and the judgment is affirmed, with costs against plaintiff.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.