*In re* LAFRENIERE'S ESTATE.
APPEAL OF LECLAIR'S ESTATE.

1. COURTS—APPEAL TO CIRCUIT COURT FROM PROBATE COURT—SCOPE OF REVIEW—HEARING—LAW APPLICABLE.

On appeal from the probate court to the circuit court the scope of the inquiry is limited to the matters raised by the notice of appeal and reasons assigned in support thereof, hence, the hearing had in the circuit court is not a hearing *de novo*, the questions raised being determined substantially in accordance with the same rules of law governing their settlement in the probate court (Act No. 288, chap. 1, § 50, Pub. Acts 1939).

2. EXECUTORS AND ADMINISTRATORS—ANNUAL ACCOUNTS—APPEAL FROM PROBATE COURT.

On appeal to the circuit court from an order of the probate court allowing annual accounts of an administrator the circuit court had the duty of determining the correctness of the challenged items in the accounts in accordance with the established practice (Act No. 288, chap. 1. § 50, Pub. Acts 1939).

3. SAME—ACCOUNTS—BURDEN OF PROOF.

In proceedings for stating and settling the accounts of an executor or administrator, the burden is generally on the fiduciary to establish its correctness but where the exceptions to the account are of an affirmative nature such as fraud, negligence, or bad faith, the burden of establishing such exceptions rests on the contestant.

4. SAME—CREDIT—BURDEN OF PROOF.

When a credit is claimed·by a personal representative of an estate and its validity is disputed, the law casts on him the burden of supporting it both as to payment and validity· of the demand.

5. SAME—EXPENSES OF ADMINISTRATION—BURDEN OF PROOF.

With respect to the expenses of administration of an estate, the burden rests on the legal representative to show that the expenses incurred are necessary and proper and that the payments made were fair and reasonable.

6. SAME—ANNUAL ACCOUNTS—APPEAL TO CIRCUIT COURT—BURDEN OF PROOF.

On appeal to circuit court from probate court order allowing two annual accounts of administrator, the burden of establishing disputed items rested on the administrator, not the contestant (Act No. 288, chap. 1, § 50, Pub. Acts 1939).

7. WITNESSES—OPPOSITE PARTIES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—THIRD PARTIES.

Statute barring testimony of opposite parties upon matters equally within the knowledge of a deceased person does not exclude the testimony of third parties as to such matters (3 Comp. Laws 1929, § 14219).

8. SAME—PROBATE JUDGE—TESTIMONY OF DECEASED ADMINISTRATOR AT HEARING ON ALLOWANCE OF ANNUAL ACCOUNTS.

The testimony of a probate judge as to what the administrator had testified on the hearing on his annual accounts in the probate court, where the administrator had died before hearing in circuit court on appeal therefrom, was admissible as the probate judge was a disinterested third person, his testimony not being barred by statute relative to matters equally within the knowledge of a deceased person (3 Comp. Laws 1929, § 14219).

9. EVIDENCE—DEATH OF WITNESS—TESTIMONY AT FORMER TRIAL.

Where a witness has died, his testimony given on a former trial on the same issue, between the same parties is admissible.

10. Same—Mode of Proving Testimony of Deceased Witness.

Anyone who has heard the testimony of a witness who has died since testifying is competent to testify as to what the witness said.

11. Appeal and Error—Evidence—New Trial in Circuit Court on Appeal from Probate Court.

In an appeal from order of circuit court dismissing an appeal from the probate court and affirming its order allowing an administrator's annual accounts and remanding the case to the probate court for further proceeding, the Supreme Court is concerned with seeing that the trial court's findings are supported by evidence and where record contains no evidence because circuit judge erroneously excluded admissible testimony, a proper determination of the matters requires a new trial in the circuit court (Act No. 288, chap. 1, § 50, Pub. Acts. 1939).

Appeal from Marquette; Bell (Frank A.), J.   Submitted October 11, 1946.   (Docket No. 65, Calendar No. 43,475.)   Decided December 2, 1946.   Rehearing denied January 6, 1947.

In the matter of the estate of Ellen LaFreniere, deceased.   The administrator filed his first and second annual accounts.   Albert W. Hooper, administrator of the estate of Emeline LeClair, deceased, objected thereto.   Accounts allowed.   Objector appealed to circuit court.   Appeal dismissed.   Objector appealed.   Reversed and remanded for new trial.

*Albert W. Hooper,* administrator *in pro per.*

*M. J. Kennedy,* for estate of deceased administrator of estate of Ellen LaFreniere, deceased.

Carr, J.   Ellen LaFreniere, a resident of Marquette county, died in the early part of 1943, leaving as her sole heirs and distributees her mother, Emeline LeClair, and her husband, Peter LaFreniere.   The latter was appointed administrator of the estate.

Prior to her death Mrs. LaFreniere had been engaged in carrying on a dry cleaning business, which the administrator continued. Suit was instituted by the administrator against the parties whose alleged negligence caused the death of Mrs. LaFreniere. A judgment was recovered in the sum of $5,500, of which amount $4,862 was certified, by the circuit judge before whom the case was tried, to the probate court as the pecuniary loss suffered by the surviving husband. The balance of the judgment was further certified as the pecuniary loss suffered by the mother, Mrs. LeClair.

Mr. LaFreniere, as administrator, submitted to the probate court two separate accounts, the first covering the period from February 4, to December 31, 1943, and the second for the calendar year 1944, which accounts were sworn to on June 14, 1945. Prior to the latter date Mrs. LeClair died. The administrator, with the will annexed, of her estate filed objections in the probate court to the allowance of certain items in the accounts, claiming that such items were not proper charges against the estate, and asked that the administrator's claim for credits therefor should be denied. On hearing before him, the probate judge found that the accounts were correct and, on October 3, 1945, ordered their allowance. From such order the administrator of the estate of Mrs. LeClair appealed to the circuit court.

Following a hearing before the court without a jury an order was entered dismissing the appeal, affirming the order of the probate court, and remanding the case to the probate court for further proceeding. Reversal of said order is sought by appellant herein, the administrator of the estate of Emeline LeClair, because of certain alleged errors occurring on the trial in the circuit court.

The record shows that at the outset of the proceedings before him, the circuit judge ruled that the burden of proof with reference to the matters raised by the notice of appeal and reasons assigned therefor rested on the appellant, saying in this connection, "The burden is on the objector to prove his objection." In an apparent attempt to comply with the court's ruling, appellant called as a witness the judge of probate for the purpose of showing the testimony of Peter LaFreniere, given on the hearing on the accounts in the probate court, Mr. LaFreniere having died before the trial in the circuit court. An objection to the testimony was made by counsel representing the estate of Mr. LaFreniere on the ground that such testimony was incompetent. In sustaining the objection the court stated:

"I would not want to take from Mr. Rushton any testimony as to what Peter LaFreniere said but I would take testimony of what the probate court did with reference to accounts that were filed."

No other testimony was offered on either side. In consequence, the trial judge had before him merely the claims of the respective parties, as indicated by the record certified to the circuit court by the judge of probate, and by the notice of appeal and reasons assigned therefor.

It is the claim of appellant that the trial court erred in the ruling as to the burden of proof, and also in excluding the testimony of the probate judge. With reference to the first proposition it is argued in substance that the administrator, on the hearing in the probate court, was charged with the obligation of sustaining the correctness of his accounts and that, on appeal to the circuit court, the same rule

obtained as to the disputed items. The pertinent provision of the probate code, Act No. 288, Pub. Acts 1939, is found in chap. 1, § 50 of said act (Comp. Laws Supp. 1940, § 16289-1 [50], Stat. Ann. 1943 Rev. § 27.3178 [50]), which reads, in part, as follows:

"The circuit court may reverse or affirm, in whole or in part, the sentence, order or act appealed from, and may make such order thereon as the judge of probate ought to have made, and may remit the case to the probate court for further proceedings or may make any other order therein, as law and justice shall require."

On the appeal the scope of the inquiry was limited to the matters raised by the notice of appeal and reasons assigned in support thereof. *In re Murray's Estate,* 219 Mich. 70. It was, in consequence, not a hearing *de novo.* As stated in *Re Ward's Estate,* 152 Mich. 218, 241, questions so raised are "to be determined by the circuit court substantially in accordance with the same rules of law governing their settlement in the probate court." See, also, *Holbrook* v. *Cook,* 5 Mich. 225; *Casserly* v. *Casserly,* 123 Mich. 44; *In re Finn's Estate,* 281 Mich. 478. In accordance with the established practice the duty rested on the circuit court on appeal to determine the correctness of the challenged items in the accounts.

The general rule as to the burden of proof in hearings on accounts of executors and administrators, is stated in 34 C. J. S. pp. 1087-1090, as follows:

"In proceedings for stating and settling the accounts of an executor or administrator, the burden of proof may rest either on the personal representative or on the contestants, depending on the circumstances of the particular case. When a personal

representative renders his account and it is contested, the burden is generally on him to sustain and establish its correctness, and, even though there is no formal opposition, the representative must show that his account is correct, although he is not in such case obliged to prove each separate item.    \*    \*    \*.

"On the other hand, where exceptions to an account are of an affirmative nature, as, for example, where fraud, negligence, or bad faith is charged, the burden of sustaining such exceptions rests on the contestant.    \*    \*    \*

"When a credit is claimed by a personal representative and its validity is disputed, the law casts on him the burden of supporting it; and in order to sustain such credit he must prove not only the payment, but also the existence, correctness, and validity of the demand. So, with respect to the expenses of administration, the burden rests on the representative to show that the expenses incurred were necessary and proper, and that the payments made were fair and reasonable. Where the representative fails to justify the allowance of claimed credits, they must be disallowed."

In the case of *In re Grover's Estate,* 233 Mich. 467, 477, the executor included in his account claims for extraordinary expenses. The trial court substantially reduced the amount on the ground that a part of the expenses so claimed were not incurred in the interest of the estate. This Court sustained the holding, saying:

"The burden was on the executor who sought the allowance therefor to show that they were."

Counsel for appellee cites and relies on the case of *In re Baldwin's Estate,* 311 Mich. 288. Among other matters in dispute there was the claim of parties interested in the estate that the executor should be surcharged with interest on funds in his possession that had not been invested in income-producing

securities or deposits.. As to such item it was recognized that the burden of proof rested on the parties asserting the affirmative of the issue, that is, that the executor should be thus surcharged.

Based on the authorities above cited, and others of like import, the conclusion follows that an administrator has, as a general rule, the obligation of sustaining the correctness of his accounts and the propriety of the charges therein for which he claims credit. On the other hand, the party seeking to have the representative of the estate surcharged on the basis of neglect of duty, fraud, improper and unauthorized handling of the assets of the estate, or other affirmative issue, has the burden of establishing his claim by proper evidence. The legal principles governing trials on appeal in the circuit court with reference to the burden of proof are the same as those governing proceedings in probate court, the scope of the hearing on appeal being limited, as above suggested, to the consideration of the questions raised by the notice, or notices, of appeal and assigned reasons therefor.

In the case at bar the duty rested on the administrator, in the hearing before the probate judge, to establish the correctness and propriety of the items in his accounts, including the specific items to which objections were made. The same duty rested on his estate in the hearing in the circuit court on the appeal, with reference to the challenged items. We are constrained to hold that the circuit judge was in error in ruling that as to such disputed items the burden of proof rested on the appellant.

This brings us to the second question in the case, whether the ruling of the trial court, excluding testimony of the probate judge, was erroneous. The record indicates that the objection made by counsel representing the estate of Peter LaFreniere was

based on 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914). Said section reads in part as follows:

"When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true must have been equally within the knowledge of such deceased person."

Referring to this language, it was said in *Re Einfeldt's Estate,* 286 Mich. 537:

"The quoted statutory provision does not exclude the testimony of third parties as to matters equally within the knowledge of the deceased. *Shippee* v. *Shippee's Estate,* 255 Mich. 35."

The same construction has been indicated in numerous other decisions, among which are, *In re Meekers's Estate,* 169 Mich. 303; *Lewandowski* v. *Nadolny,* 214 Mich. 350. In the latter case it was held that the testimony of a scrivener was not prohibited by the statute. In the case at bar it is obvious that the probate judge was not a party in interest. The statute referred to did not render his testimony incompetent, nor does appellee in his brief call attention to any other possible basis, or authority, for excluding it.

In *Lewis* v. *Roulo,* 93 Mich. 475, Mr. Fox brought suit before a justice of the peace, and was a witness on the trial. His death occurred before the matter was brought on for hearing on appeal to the circuit court. Testimony was offered for the purpose of showing his testimony before the justice with reference to issues involved in the case. The trial court, however, excluded the testimony. Commenting on the situation, this Court said:

"The court rejected evidence of what Mr. Fox testified to in regard to the transaction in the justice's court. This was error. Such testimony is competent."

Likewise, in the earlier case of *Howard* v. *Patrick*, 38 Mich. 795, it was said:

"The authorities are all agreed that where a witness has been sworn upon a former trial between the same parties and upon the same issue, and since the trial, has deceased, his testimony as given upon the former trial is admissible."

See, also, *Gloeser* v. *Moore*, 284 Mich. 106, where the Court, citing *Barker* v. *Hebbard*, 81 Mich. 267, and *Merrill* v. *Leisenring*, 166 Mich. 219, said:

"And the law of this State is in accordance with the general rule, that any one who has heard the testimony of a witness is competent to testify as to what he said."

See, also, with reference to proving testimony of a witness in a prior proceeding, *Fisher* v. *Kyle*, 27 Mich. 454; *Spalding* v. *Lowe*, 56 Mich. 366; *Detroit Baseball Club* v. *Preston National Bank*, 113 Mich. 470; 10 R. C. L. 971 *et seq.* The trial court was in error in refusing to take the testimony as to what Peter LaFreniere testified to in probate court with reference to the accounts. Appellant was entitled to have the evidence received.

It may be inferred that the failure of counsel for the administrator's estate to introduce testimony resulted from the holding of the court, above discussed, as to the burden of proof. As a result we have a record containing no evidence on which a determination on the merits of the disputed items in the accounts in question can be based. In passing on questions of the character involved in this controversy the Court said in *Re Finn's Estate, supra:*

"Determination of the correct allowance of the foregoing and other items is a matter of judgment and we are only concerned with seeing that the trial court's findings are supported by the evidence. *In re Grover's Estate,* 233 Mich. 467."

A proper determination of the matters in issue between the parties hereto necessitates a new trial. Such being the situation, matters argued by counsel in their briefs, but concerning which the trial court made no findings, do not require discussion.

The judgment is reversed and the case remanded to the circuit court for a new trial, with costs to appellant.

Butzel, C. J., and Bushnell, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.