G. Robert Wither, J.
Plaintiffs are the children of two deceased sisters of Herman F. Koestlin, deceased, hereinafter referred to as the testator; and defendant is the executor of the will of a third deceased sister of said testator. Testator died on May 10, 1933 a resident of Michigan, leaving a will admitted to probate in that State on November 10, 1933. By his will he created a trust of the residue of his estate and directed that the *477 income therefrom be paid to his widow until his eldest son, James, should become 25 years old. This event occurred on February 15, 1945. He provided that thereafter and during the life of his widow one third of the income of the trust be paid to his five sisters equally, but if any sister die during the term, such income be paid to the surviving sisters equally. He further provided that upon the death of the widow, which occurred on February 8, 1953, the trust should terminate, and one third of the principal should be paid to the sisters of the testator then living. Only two of testator’s five sisters survived the termination of the trust. Upon the judicial settlement of the trust 9,706% shares of stock of Koestlin Tool & Die Corporation and $6,525 in cash were distributed to each of said two surviving sisters, as the equal part of the one third of the remainder of the terminated trust.
Testator’s five sisters were Amelia Miller, who died May 19, 1937, Helen Osborn, who died January 4, 1950, Sophia Schrader, who died November 6, 1951, Frances K. Smith, who died March 8, 1957 and whose executor is defendant herein, and Wilhelmina Lockhart, who is still living and who, though not a party to this action, with respect to the assets distributed to her stands in a position similar to that of defendant.
Plaintiffs, the representatives of Amelia Miller and Sophia Schrader, who as noted above, died before the trust terminated, claim that one fifth of the shares of stock and cash paid to Frances K. Smith, one of the survivors of the trust, should be paid to each set of representatives of said deceased sisters, Miller and Schrader. They base their claim upon a contract entered into between the five sisters on July 9, 1935, two years after testator’s death and, as events turned out, nearly 10 years before any income became payable to the sisters. In said contract the sisters, recognizing that any one or more of them might be cut off from benefits under the trust by failing to survive the date James should become 25 and the date of the widow’s death, agreed that if any sister should not be living at a time when income or principal would otherwise be payable to her under the terms of testator’s will, the interest of such sister or sisters so dying should not cease but that it should be distributed by the surviving sisters to the respective distributees or legatees of the estate or will of the sister or sisters so dying.
It appears that the stock and cash distributed to Frances K. Smith from the terminated trust are still in the hands of defendant as executor of her will. Defendant acknowledges that the contract sued upon was made and admits the validity *478 of the plaintiffs’ claims, unless the contract may he held to be invalid in the light of the testator’s will (art. VI) wherein it was provided that: “ No title in the Trust hereby created, or in the principal of the Trust, or in the income accumulating therefrom, or in its accumulation, shall vest in any beneficiary, and no beneficiary shall have the right or power to transfer, assign, anticipate, or encumber his or her interest in said estate, or in the income therefrom prior to the actual distribution thereof by the said Trustees to the said beneficiary, and neither the income nor principal shall be liable in any manner in the possession of the Trustees for the debts, contracts or engagements of any of the beneficiaries.”
It is clear that, with special exception, a trust to receive the income only of personal property without the right to anticipate or assign is not alienable. (Personal Property Law, § 15; Restatement, Trusts, § 153.) It is equally clear that notwithstanding testamentary provision to the contrary, the principal of a trust of personal property which is vested in a beneficiary, even though it be subject to divestment on stated contingencies, is alienable. (Bergmarm v. Lord, 194 N. Y. 70, 74; West v. Burke, 219 N. Y. 7, 15.)
In the testamentary provision in the case at bar the testator included income and principal together, i.e., he gave each sister a vested interest in the remainder, subject to divestment. It has been held in Michigan that the beneficial interests in such a trust are alienable. (Matter of Ford, 331 Mich. 220, 229; and see Fratcher, Restraints on Alienation of Equitable Interests in Michigan Property, 51 Mich. L. Rev., 509, 535.)
Inasmuch as the testator was domiciled in Michigan at the time of his death and his will was made, probated and administrated in Michigan, the law of Michigan applies in the determination of the validity of its provisions with respect to restraint upon alienation. (Restatement, Conflict of Laws, §§ 295, 306.) Accordingly, since the sisters of the testator, like the beneficiaries in Mutter of Ford (331 Mich. 220, supra) were given interests in the principal as well as in the income under the testator’s trust herein, it is held that the provisions of the will which attempt to restrain the alienation of the income interests and the principal interests were ineffective. Thus the contract of July 9, 1935 constituted a valid assignment by each sister of her contingent additional shares or interests in the trust.
- Beyond that however, for a fair consideration, to wit, mutual benefit, each sister contracted to forego her contingent additional share or interest in the trust in the event of another’s *479 death. Besides constituting a valid assignment it must be held that the contract was a binding agreement upon the part of each sister to turn over to the distributees or legatees of a deceased any increased portion received by a survivor from the trustees by reason of the death of a sister or sisters. For breach of such contract, defendant is liable. (Kelly v. Kelly, 11 Cal. 2d 356; Bursch v. Bursch, 60 N. Y. S. 2d 633; Minot v. Minot, 319 Mass. 253, 268; Southern Nat. Life Ins. Co. v. Ford’s Admr., 151 Ky. 476, 481; Restatement, Trusts, § 152, comment k; 2 Scott on Trusts [2d ed.], § 152.6, pp. 1069-1070.)
Judgment is, therefore, granted to the plaintiffs on the pleadings as prayed for in the complaint.
Submit judgment accordingly.