*In re* WARD ESTATE.
CLAIM OF MICHIGAN TRUST COMPANY.

1. TRUSTS—TESTAMENTARY TRUSTEE—LIVING EXPENSES OF WIDOW.
    Order of probate court, approving agreement between testator's
    widow and his son and guardian of a deceased son's children
    which agreement construed provision of will authorizing widow
    to function as trustee of his estate and empowering her to
    use the fund and income as it shall appear to her to be
    reasonably necessary, according to her accustomed mode of
    life, and to sell the real or personal property, as empowering
    her to act subject to accounting to the probate court and
    that whether she had acted in accordance with the will should
    be a question of fact is construed as recognizing and declaring
    the right of the widow to expend from the trust fund such
    amounts as she found necessary to maintain the standard of
    living contemplated by the testator.

2. SAME—POWER OF PROBATE COURT—APPROVAL OF TRUSTEE'S AC-
    COUNTS.
    Testator's will and agreement between widow and heirs con-
    struing it *held*, to have vested in probate court no power
    to create any obligation on the part of his estate to the widow,
    but merely to pass on her acts as trustee, as disclosed by the
    account, including the propriety of actual disbursements from
    the trust fund.

3. SAME—WITHDRAWALS FROM TRUST FUNDS FOR TRUSTEE WIDOW'S
    LIVING EXPENSES.
    Amount *actually* withdrawn by widow as she deemed necessary
    to her accustomed mode of life, and not amount she was
    *authorized* to withdraw by probate court from trust fund

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] See, generally, 54 Am Jur, Trusts §§ 288, 346.
[2] See, generally, 54 Am Jur, Trusts § 506 *et seq.*
[4, 7] 54 Am Jur, Trusts §§ 536, 537.
[5] 54 Am Jur, Trusts § 506 *et seq.*
[6] 54 Am Jur, Trusts §§ 527, 530.

testator had set up with her as trustee, measured the propriety for her withdrawals and where less than court-authorized withdrawals, no liability for difference was imposed on testamentary trust to her estate.

4. SAME—TESTAMENTARY TRUST—COMPENSATION OF TRUSTEE WIDOW —WAIVER.

The administrator of the estate of testator's widow was not entitled to compensation for services rendered testator's trust estate by her as trustee, where she had sought no compensation therefor during her lifetime and withdrew for living expenses less than had been authorized by the probate court as she filed some 17 accounts in course of about 16 years, her conduct indicating her waiver of any right to compensation for services.

5. SAME—ACCOUNTS—FAILURE TO MAKE PERSONAL SERVICE OF NOTICE—AUTHORIZED WITHDRAWALS.

The failure of widow of testator, as trustee of his estate, left in trust to her and his children, to make personal service of notice upon the heirs of hearing on her accounts and their failure to appear and object to the orders entered, which allowed the trustee to withdraw more for her living expenses than she deemed necessary, did not create an indebtedness upon the part of the trust estate to her that was collectible by the administrator of her estate.

6. SAME—COMPENSATION OF TESTAMENTARY TRUSTEE—DISCRETION OF COURT.

A testamentary trustee may be allowed compensation for his services in such amount as to the court seems just and reasonable, it being a discretionary matter with the court (CL 1948, § 704.33).

7. SAME—COMPENSATION OF TESTAMENTARY TRUSTEE—BURDEN OF PROOF OF ADMINISTRATOR.

The burden of proof rested on the administrator of the estate of the trustee to establish its claim with reference to fees for services rendered by the trustee to the testamentary trust of her late husband, and where she had sought no compensation for such services during her lifetime, the finding of the circuit judge that right of recovery had not been established is affirmed (CL 1948, § 704.33).

Appeal from Kent; Souter (Dale), J. Submitted January 11, 1955. (Docket No. 35, Calendar No. 46,378.) Decided March 9, 1955.

Claim by the Michigan Trust Company, administrator of the estate of Mae Ward, deceased, against the estate of Charles E. Ward, deceased, for living expenses and other allowances claimed due and unpaid under a trust established by the will of her husband. Florence E. Hughes and Kenneth F. Ward, heirs of Charles E. Ward, protest allowance. Claim allowed in probate court and heirs appealed to circuit court, where court directed George F. LaBour, successor trustee, to defend in behalf of estate. Judgment for defendants. Plaintiff appeals. Affirmed.

*Paul O. Strawhecker,* for plaintiff.

*McCobb, Heaney & Dunn,* for defendants Hughes and Ward.

*George E. White,* for defendant LaBour.

CARR, C. J. The material facts in this case are not in dispute. The litigation has resulted from differences of opinion on certain legal questions that have arisen in the course of probate proceedings. Charles E. Ward, a resident of Kent county, died testate November 24, 1933. His heirs at law and beneficiaries under his will were his widow, Mae Ward, a son, Charles E. Ward, Jr., and 2 minor grandchildren, who were the children of another son who predeceased testator. The will involved in this proceeding was executed July 17, 1930. A later codicil, dated March 30, 1932, is not material to any issue presented here.

After making certain bequests and devises, testator provided, in paragraph 5 of the will, as follows:

"Fifth: I give, devise and bequeath all the rest, residue and remainder of my estate to my executrix and trustee hereinafter named, in trust, however,

for the following uses and purposes, that is to say, to invest, reinvest, to sell and resell, and keep invested the proceeds of said estate in good interest-bearing securities during the lifetime of my said wife, and to use said trust fund and said net income as it shall appear to her to be reasonably necessary, having regard to the mode of life accustomed by myself and herself during my lifetime with full power to my said executrix to sell and convey any and all property, real estate or personal, acting upon her judgment therein and without waste or unnecessary diminution or destruction thereof, keeping and preserving the corpus of said property to be turned over at her death to my heirs, as more particularly hereinafter directed.

"Upon the death of my said wife I direct that the corpus of said trust fund be paid equally to my children, if living. If 1 only of said children is living, then 1/2 thereof to him and the balance thereof to my grandchild or grandchildren born to my other son, if any. If none, said 1/2 to go to my grandchild or grandchildren generally. In case of the death of 1 of my said sons before the time for the distribution of said trust fund, leaving no issue, that is, grandchild or grandchildren, then such part of such trust fund as would have gone to said deceased child hereunder, is to be paid equally to my grandchild or grandchildren. In case of the death of both of my said sons before the time for the distribution of said trust fund, then all of said trust fund shall be paid equally to my grandchild or grandchildren."

The testator nominated his wife, Mae Ward, to be the executrix and trustee under the will, with a request that she should not be required to give bonds for the performance of her duties. The mother of the minor grandchildren, Mrs. Bertha Ward, was appointed as their guardian. Pursuant to authority granted by the probate court, said guardian, testator's son Charles E. Ward, Jr., and Mae Ward entered into a written agreement setting forth the

election of the widow to take under the will, and stating the interpretation to be placed on the language of the fifth paragraph, above quoted. Said agreement provided, in part, as follows:

"2. It is understood that under the fifth paragraph of said will first party as beneficiary of the trust therein created shall have the right and said fifth paragraph is hereby interpreted to give her the right to use and expend the corpus or principal of said trust estate or any part thereof as well as the net income therefrom as it shall appear to her to be reasonably necessary for her maintenance and support having regard to the mode of life accustomed by said Charles E. Ward, deceased, and first party during their married life, so long as she shall live.

"3. First party, as executrix and trustee, as, if and when appointed as such by order of said probate court, shall have the right, without order of or from said probate court, to sell and convey any or all property, real estate or personal, belonging to said trust estate, acting upon her judgment therein, or, at her election, may petition said probate court for an order authorizing the sale and conveyance of any or all property, real estate or personal, belonging to said trust estate, serving notice of the hearing on such petition, together with a copy thereof, on second and third parties in the manner provided by law.

"4. First party, as executrix and trustee, as, if and when appointed as such by order of said probate court, shall account to said probate court every 6 months and shall serve notice of the hearing on such accounts on second and third parties in the manner provided by law on the filing of accounts by executors and trustees.

"5. On the hearing on the allowance of such accounts or any of them or on any hearing before said probate court or any other court of competent jurisdiction which raises any question concerning the use and expenditure of the corpus or principal of said trust estate or any part thereof by first party,

or anyone on her behalf, whether the use and expenditure of the corpus or principal of said trust estate or any part thereof by first party or anyone on her behalf was reasonably necessary, having regard to the mode of life accustomed by said Charles E. Ward and first party during their married life, shall be a question of fact."

On petition of Mae Ward, the agreement was approved by the probate court of Kent county by order dated June 1, 1934. After reciting a finding that the agreement was fair and properly construed the fifth paragraph of the will, it was further adjudged and decreed that the order "shall constitute a construction of said will and particularly the fifth paragraph thereof and an adjudication of the rights of said heirs at law, legatees and devisees of said Charles E. Ward, deceased, as far as such rights are determined by the terms of said agreement, exhibit A attached to said petition, which is incorporated in this order by reference."

The will and codicil thereto were duly admitted to probate on the petition of Charles E. Ward, Jr., and Mae Ward was appointed executrix. The estate was administered according to the provisions of the will, the executrix receiving her fees as such, and a widow's allowance in the sum of $200 per month being granted to her by order of the court. Following the completion of the administration, Mae Ward was appointed trustee, and the residue in the estate, amounting to $43,692.50, was assigned to her as such. She assumed control of the trust fund March 8, 1935, and continued to act as trustee until her death on December 7, 1951. During said period she filed 17 accounts, each of the first 3 covering a period of less than 1 year. The first account filed covered the period from March 8, 1935, to and including September 30th following, and indicated that she had drawn during such period, as beneficiary under the

will, the sum of $1,353, and the court was requested to approve such withdrawal as reasonably necessary for her use. An order was entered accordingly, the other parties in interest waiving notice of hearing and consenting to the approval of the account as submitted.

It is conceded that each subsequent account filed by Mrs. Ward contained a request that the court grant to her the sum of $200 per month as reasonably necessary for her use, and such provision was incorporated, in each instance, in the order of approval. In some of the periods covered by such accounts the trustee drew from the estate the amount specified in the subsequent order. In other instances she drew less than said amount, while in 1946 and 1948 the withdrawals by her for her support exceeded the sum that the court was subsequently asked to approve, and did approve. It is conceded that during the period covered by the accounts the total of the allowances made in the orders of approval signed by the probate judge was $38,499, but that Mrs. Ward actually withdrew for her use the sum of $30,440.58. In other words, the orders of approval totalled $8,058.42 more than Mrs. Ward had withdrawn from the trust fund. The record further discloses that Mrs. Ward desired to maintain the fund in accordance with the wishes of the testator to the end that his heirs and beneficiaries might receive it after her death. It may be noted further that of the total actually withdrawn from the trust by Mrs. Ward the sum of $12,301.52 came from principal and the balance from the income of the property.

Following the death of Mrs. Ward, the Michigan Trust Company was appointed administrator of her estate. As such it prepared and filed the 18th account of the trustee, setting forth the receipts and disbursements in the usual manner, asking for ap-

proval by the court of the acts of Mrs. Ward, and requesting instructions as to the right of her estate to receive from the trust fund the difference between the aggregate of the court orders above referred to and the amount expended for her support by Mrs. Ward, said difference, as above pointed out, being $8,058.42. The administrator asked that the court allow for Mrs. Ward's support during the year 1951 up to the time of her death the sum of $2,200. The account filed showed that she had actually drawn $1,200 during said period. The administrator further asked that the court fix the compensation to which Mrs. Ward was entitled for her services as trustee during the time that she acted as such. It is conceded that Mrs. Ward during her lifetime made no request for such compensation.

Objections to the granting of the petition of the administrator were filed by the grandchildren of the testator, Florence E. Hughes and Kenneth F. Ward. Following a hearing, the probate court, by order dated February 20, 1952, approved the account as submitted by the administrator, and further found that the estate of Charles E. Ward was indebted to the estate of Mae Ward in the sum of $10,258.42 for allowances for her support under paragraph 5 of the will, as specified by orders of the court but not withdrawn by Mrs. Ward, and including the allowance asked for 1951. The successor trustee was directed to pay said sum to the Michigan Trust Company as administrator. The court further allowed $3,167.40 by way of compensation for the services of Mrs. Ward as trustee, and payment thereof was likewise ordered from the property remaining in the estate. An appeal to the circuit court was taken by Florence E. Hughes and Kenneth F. Ward. By order of that court the successor trustee was made a party to the cause, and entered his appearance by his attorney.

Following the hearing before him the circuit judge came to the conclusion that the orders of the probate court, approving the accounts filed by Mrs. Ward as trustee and undertaking to specify an amount for her support during the periods covered by such accounts, may not be given the force and effect of creating an indebtedness on the part of the estate of Charles E. Ward to the estate of Mae Ward. He further indicated the opinion that the authority of the probate court was limited to approving or disapproving the withdrawals from the trust fund by Mrs. Ward for her support, that the allowance of $2,200 for the year 1951, prior to the death of Mrs. Ward on December 7th of that year, was unauthorized, and that under the circumstances no allowance for fees as trustee should be made to her estate. Judgment was entered accordingly, denying the claim of the administrator in the particulars stated and remanding the cause to the probate court for further proceedings. From such judgment the administrator of Mrs. Ward's estate has appealed.

It is apparent from the language of the will that the testator had confidence in the ability and judgment of Mrs. Ward to properly handle the trust fund. She was given power to sell property and to reinvest the proceeds, acting upon her judgment with reference thereto. It is equally apparent that he wished her to continue in the mode of life to which the parties were accustomed during his lifetime. To that end she was empowered "to use said trust fund and said net income as it shall appear to her to be reasonably necessary."

In their agreement, above referred to, the parties in interest recognized that it was the intention of the testator to empower Mrs. Ward to use and expend the principal of said trust estate, as well as the net income, as she deemed reasonably necessary for

her maintenance and support.. It is significant that in this agreement the parties, with reference to the sale and conveyance of property, stipulated that she might act upon her judgment or might petition the probate court for an order authorizing the sale of property belonging to the estate. They did not see fit to insert any such provision with reference to her withdrawal of money from the trust fund for her support. The further provision that any question raised as to the reasonableness of an expenditure by Mrs. Ward for her support out of the trust fund should be a question of fact indicates that in the making of withdrawals for her maintenance she was entitled to act on her own judgment, subject to her action being subsequently questioned. As before noted, the order of the probate judge approving the agreement declared it to be a proper construction of the fifth paragraph of the will and an adjudication of the rights of the parties as determined by the agreement. Such order must be construed as recognizing and declaring the right of Mrs. Ward to expend from the trust fund such amounts as she found necessary for her use in maintaining the standard of living contemplated by the testator.

In each of the accounts rendered by Mrs. Ward as trustee she set forth the amount that she had drawn for her maintenance and support during the period covered. Consistently with the will, the agreement of the parties above referred to, and the order of the probate court approving the agreement, such withdrawal was in each instance approved, no question being raised with reference thereto. In the petition filed for approval of each account a request was made, in addition to the request that the withdrawals and expenditures from the trust fund be approved, that the court fix $200 per month as a proper allowance for her support and use for the prior period covered. In each instance the order

was made accordingly. In terms, each order undertook to place the stamp of approval on what Mrs. Ward had actually done with reference to funds for her support, and then fixed a definite amount as reasonably necessary for her use without reference to what she had actually withdrawn. If such provision with reference to her right to $200 per month was proper, it follows that there was created in her favor an indebtedness on the part of the estate aggregating the sum of $8,058.42.

We are in accord with the holding of the circuit judge that no authority was vested in the probate court to create any such obligation. It was the duty of said court to pass on the acts of the trustee, as disclosed by the account, including the propriety of actual disbursements from the trust fund. See *MacKenzie* v. *Union Guardian Trust Co.*, 262 Mich 563. A contrary view would necessarily lead to the conclusion that the estate of Mrs. Ward and the parties interested therein are now entitled to have the trust fund reduced by the withdrawal therefrom of the amount claimed. We think it apparent that the testator did not contemplate any such possible result. By the express language of the will he authorized withdrawals from the fund for the support and maintenance of Mrs. Ward as her judgment and reasonable desires might dictate. However, she was not authorized to withdraw more than she deemed necessary in order to augment her own estate.

A like conclusion follows with reference to the sum of $2,200, specified by the order of the court in approving the 18th account, for the support and use of Mrs. Ward during 1951, such order having been made, as noted, subsequent to her death. The circuit judge was not in error in setting aside the order of the probate court directing the successor trustee to pay to the administrator the sum of $10,258.42 on the theory that the estate of Mr. Ward was in-

debted to the estate of Mrs. Ward in that amount under the prior orders of the probate court, above considered.

On behalf of appellees the validity of the probate orders in question is challenged because of alleged failure to give them proper notice of the hearings on the accounts. With respect to such issue it may be noted that the agreement between the parties, executed January 6, 1934, in which they placed their interpretation on paragraph 5 of the will, specified that the trustee should serve notices of hearings on accounts on the other parties to the agreement, in the manner provided by law. Quite possibly the parties had in mind at the time the giving of actual notice to Charles E. Ward, Jr., and to Bertha E. Ward as guardian of the estates of the minor beneficiaries. It is admitted that notices were not personally served on such parties. However, in view of the conclusion above reached as to the authority of the probate court in the premises, it is unnecessary to discuss the question of notice. Assuming that appellees here were bound by orders of the probate court within the scope of the jurisdiction of said court, obviously their failure to appear and object to the orders as entered could not and did not operate to empower said court to create the indebtedness claimed in the instant case.

This brings us to the question as to the right of appellant administrator to recover compensation to which, it is claimed, Mrs. Ward as trustee was entitled for services rendered during the time that she acted in that capacity. Chapter 4, § 33, of the probate code of 1939* allows a testamentary trustee to be compensated for his services in such amount as the court shall deem to be just and reasonable. It appears, however, that Mrs. Ward did not at any

---

* PA 1939, No 288, as amended (CL 1948, § 704.33 [Stat Ann 1953 Cum Supp § 27.3178(284)]).

time during the period that she acted as trustee of the fund created by the will ask for compensation for her services. It is a fair conclusion from the record that she had no intention at any time of doing so. It is not open to question that she sought to carry out the wishes of her husband, as expressed in the will, and to preserve as far as possible the corpus of the trust fund for the beneficiaries entitled thereto. In view of the fact that she was authorized under the will to draw from the fund such amount as she found necessary for her use and maintenance, it is quite probable that she did not deem it proper to ask for monetary compensation. She had the right to waive such if she so desired, and her conduct indicates that she did so.

The following statement by the Court in *In re Shailer Estate,* 172 Mich 600, 610, 611, is applicable here:

"Touching the demand for an allowance for compensation of the trustee, we are of opinion that it should be denied. During the 6-1/2 years the trustee acted she made no demand for compensation for her services in that capacity, and, considering the facts in the case, we have no doubt she had no intention of ultimately making such a demand. In any event, the allowance of a claim to compensation by a trustee is a discretionary matter, and we have no disposition to disagree with the finding of the learned circuit judge upon this point."

The burden of proof rested on the administrator of Mrs. Ward's estate to establish its claim with reference to the fees sought to be recovered. *In re LaFreniere's Estate,* 316 Mich 285. We are in accord with the finding of the circuit judge that the right of such recovery has not been established.

The judgment of the circuit court is affirmed. Appellees may have costs.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.